﻿Citation Nr: AXXXXXXXX
Decision Date: 06/16/20 Archive Date: 06/16/20

DOCKET NO. 191112-43338
DATE: June 16, 2020

REMANDED

Entitlement to service connection for depressive disorder is remanded.

REASONS FOR REMAND

The Veteran served in the U.S. Army on active duty from March 1976 to March 1979.

In an October 2019 rating decision, the Regional Office (RO) denied the Veteran’s claim, and the Veteran timely appealed the rating decision to the Board in a November 2019 VA Form 10182 requesting direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

Service connection for Depressive Disorder

An April 2019 private psychiatric examination diagnosed the Veteran with “other specified depressive disorder without depressed mood, but with accompanying anhedonia.” The private examination did not relate the Veteran’s psychiatric disorder to active service. However, the examination does document, under the title “other symptoms”, that when the Veteran was stationed at Hunter Army Airfield serving partly at Fort Stewart in 1978, he witnessed a parachute accident. 

In October 2019, the Veteran submitted a stressor statement in which he noted a parachute incident occurring at Fort Stewart, Georgia in 1978 as the cause for his claimed PTSD.

No VA examination has been provided the Veteran for this claim, and it is a pre-decisional duty to assist error to not afford him a VA examination. VA will provide a medical examination when there is competent evidence of a current disability, an in-service event, an indication that the current disability may be associated with the in-service event, and insufficient competent medical evidence to make a decision. McLendon v. Nicholson, 20 Vet. App. 79 (2006).

In this case, the Veteran alleges his acquired psychiatric disorder, to include depressive disorder is result of his active service. Specifically, he alleges he witness a parachute accident in 1978 while serving at Fort Stewart. The record is silent for any attempts by the Regional Office (RO) to investigate and/or confirm the Veteran’s claimed stressor. Additionally, the Veteran is entitled to a VA examination to determine the nature and origin of his psychiatric diagnosis to determine if it is related to his claimed in-service stressor.

Accordingly, the matter is remanded to obtain a VA medical examination and opinion on the etiology of the Veteran’s currently diagnosed acquired psychiatric disorder. 

The matters are REMANDED for the following action:

1. The AOJ should attempt to verify the Veteran’s claimed in-service stressor. Specifically, verification should be requested regarding a parachute incident that occurred at Fort Stewart, Georgia in 1978. If more details are needed, contact the Veteran to request the information. 

If there is still insufficient information to verify the Veteran’s claimed in-service stressors, then issue a Formal Finding outlining the steps taken to assist the Veteran and notify the Veteran of VA’s inability to verify the claimed in-service stressors.

2. Schedule the Veteran a VA examination with the appropriate medical professional to determine the nature and origin of his acquired psychiatric disorder, to include depressive disorder. The examiner is requested to provide opinions on the following:

(a.) Determine whether the Veteran has a current acquired psychiatric disorder, to include depressive disorder. Identify any and all psychiatric conditions.

(b.) Provide an opinion as to whether each diagnosed acquired psychiatric disorder is at least as likely as not (50 percent or greater probability) related to active service, to include the Veteran’s claimed stressor of witnessing a parachute accident while serving at Fort Stewart in 1978.

 

 

H.M. WALKER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board T.N. Shannon

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.